**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4938**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LOCKETUS JAVARUS MARSHALL,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Anderson.   J. Michelle Childs, District Judge.   (8:11-cr-00339-JMC-8)

———————————

Submitted:  August 28, 2013     Decided:  September 6, 2013

———————————

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John M. Ervin, III, LAW OFFICES OF JOHN M. ERVIN, III, Darlington, South Carolina, for Appellant.   Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Locketus Javarus Marshall pled guilty without a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 2, 922(g)(1), 924(a)(2), (e) (2006). At sentencing, the parties agreed to a stipulated sentence of 120 months' imprisonment, which the district court imposed. On appeal, Marshall's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking this court to consider whether the district court fully complied with Fed. R. Crim. P. 11 in accepting Marshall's guilty plea and whether his sentence was reasonable. Although informed of his right to do so, Marshall has not filed a pro se supplemental brief. The Government declined to file a response.[*] We affirm.

Because Marshall did not move to withdraw his guilty plea in the district court, the adequacy of the Rule 11 hearing is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights.

_____

[*] The Government has not sought enforcement of the waiver of appellate rights. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that the Government may file a responsive brief raising the appellate waiver issue or do nothing and allow this court to perform the Anders review).

2

United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). Our thorough review of the record reveals that the district court fully complied with Rule 11 in conducting the guilty plea colloquy. Thus we conclude that Marshall's guilty plea was knowing and voluntary and supported by an independent basis in fact, and we find no error in the district court's acceptance of his guilty plea.

Next, we review the 120-month sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This abuse-of-discretion standard involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51). When the district court imposes a variant sentence, we consider "whether the . . . court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the

3

divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

We conclude, after a review of the record, that the district court did not abuse its discretion in imposing the 120-month sentence. The parties stipulated to this exact sentence, and Marshall received the benefit of the bargain. Moreover, the district court adequately considered the 18 U.S.C. § 3553(a) (2006) factors, and counsel does not suggest – and review of the record does not reveal – any basis for concluding that the sentence is unreasonable.

In accordance with Anders, we have reviewed the record in this case and found no meritorious issues for appeal. We therefore affirm Marshall's conviction and sentence. This court requires that counsel inform Marshall in writing of the right to petition the Supreme Court of the United States for further review. If Marshall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Marshall. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4